IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| KATHARINE YORK, individually and on behalf of all others similarly situated, § § § § | |
| Plaintiff, § § | |
| v. § | CASE NO: CV-2005- |
| § | |
| TELECHECK SERVICES, INC., § § | |
| Defendant. § | |

## CLASS ACTION COMPLAINT

**I.   INTRODUCTION AND DESCRIPTION OF LITIGATION**

1. This complaint seeks redress on behalf of the Plaintiff and two (2) classes of persons similarly situated for the Defendant's violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 (b), and the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, et seq.

2. Plaintiff and the Class Members, by and through their attorneys, allege the facts herein based upon information and belief except as to allegations specifically pertaining to Plaintiff and her counsel, which allegations are based upon personal knowledge, and except as to allegations based upon documents, and based upon facts alleged below, which are predicated upon counsel's investigation of Defendant.

**II.   PARTIES**

3. Plaintiff, Katharine York, is over the age of nineteen years and a resident citizen of Tuscaloosa County, Alabama.

4. Defendant, Telecheck Services, Inc., is a corporation with its principal

place of business located at 5251 Westheimer, Houston, Texas 77056.  Further, Defendant conducts business in this district and throughout the United States.

### III.        JURISDICTION AND VENUE

5.   This Court has original jurisdiction of this matter pursuant to 28 U.S.C. § 1331 in that this matter presents a federal question arising under the laws of the United States, specifically under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and Fair Credit reporting Act, 15 U.S.C. § 1681 et seq.

Venue is proper in that:

> A. The events or omissions giving rise to the claim occurred in this district; and
>
> B. The Defendant regularly conducts business in this district and is therefore deemed to reside in this district pursuant to 28 U.S.C. § 1391(c ) because it is subject to personal jurisdiction in this district in that the Defendant
>> i. has transacted business in this district;
>> ii. has contracted to supply services in this district;
>> iii. has caused tortuous injury or damage in this district by its acts or omissions outside this district while regularly doing and soliciting business in this district; and
>> iv. otherwise has had minimum contacts with this district and, under the circumstances, it is fair and reasonable to require the Defendant to come into this district to defend this action.

6. The Defendant is subject to personal jurisdiction in this district in that it has employed agents or representatives or has otherwise employed persons in this district and in that the Defendant,

> A. has transacted business in this district;
>
> B. has contracted to supply services in this district;
>
> C. has caused tortuous injury or damage in this district by its acts or omissions outside this district while regularly doing and soliciting business in this district; and
>
> D. otherwise has had minimum contacts with this district and, under the circumstances, it is fair and reasonable to require the Defendant to come into this district to defend this action.

**IV.    FACTS**

7. Prior to the events and incident made the basis of this lawsuit, Plaintiff made reservations for one or more hotel rooms using her checking account debit card. After making the reservations, she found it necessary to cancel said reservations and to seek refund of her money or credit to her checking account with Compass Bank. However, the credit was not posted properly as promised to her checking account thereby causing checks written by her after the refund request to be dishonored by her bank for insufficient funds. Because Compass Bank did not post the credit back to her account properly, she closed that bank account.

8. Plaintiff on the 8th day of March attempted to write a check on her checking account with B. F. Goodrich Employees Federal Credit Union at "Sam's Mart" (hereinafter "Merchant") for the sum of $36.15. This merchant is located at 8505 Highway 69 South, Tuscaloosa, Alabama.

9. Merchant then submitted Plaintiff's check electronically to Defendant for approval.

10. Defendant accessed a credit report on Plaintiff from a "consumer reporting agency" within the meaning of § 603(a) of the FCRA, 15 U.S.C. § 1681a(a).

11. In verifying Plaintiff's check, Defendant, acting as a debt collector, informed the Merchant that Plaintiff's check should be denied or refused for payment. (see Defendant's denial slip attached as Exhibit "A").

12. In processing the check for approval and its subsequent decision to deny approval of that check, the Defendant failed to provide notices required by both the Fair Debt Collection Practices Act and the Fair Credit Reporting Act.

## V.    CLASS ACTION ALLEGATIONS

13. The Plaintiff brings this action individually and as a class action pursuant to Fed. R. Civ. P. 23, on behalf of two opt-out classes defined as follows:

   a. All persons in the United States who, within the one year prior to the filing of the complaint in this case, have had at least one check denied for approval by the Defendant and who were not given the proper Fair Debt Collection Practices Act disclosures when said check was not approved.

   b. All persons in the United States who, within the two years prior to the filing of the complaint in this case, have had at least one check denied for approval by the Defendant wherein the Defendant utilized information on the person's consumer report in deciding not to grant approval and wherein the Defendant failed to provide the person notice of the adverse action as required by the Fair Credit Reporting Act.

14. Excluded from the class definition are all judicial officers of the United States and their families through the third degree of relationship, the Defendant and any of its officers, directors, employees, and any persons or entities who have already settled or otherwise compromised their claims against the Defendant.

15. The Defendant's business practices and violation of the law are uniform

and on information and belief, the Defendant has performed thousands of transactions like the one affecting Plaintiff for merchants they have agreements with.

16.  The requirements of Rule 23(a), Fed. R. Civ. P., are satisfied because (1) the classes are so numerous that joinder of all members is impracticable, (2) there are questions of law and fact common to the class, (3) the claims or defenses of the representatives are typical of the claims or defenses of the class, and (4) the Plaintiff will fairly and adequately protect the interests of the classes, and she has hired counsel experienced in the prosecution of class actions.

17.  The Plaintiff has no conflicts of interest with the absent class members in the maintenance of this action, and pursues this action for the benefit of the Plaintiff class.

18.  Plaintiff has no present relationship with Defendant, in either official or unofficial capacity. The representative Plaintiff, in conjunction with the Plaintiff's counsel, has adequate financial and other resources to conduct this litigation in a manner assuring that the interests of the Plaintiff will not be harmed. Class counsel has agreed and has the ability to advance the costs of this litigation.

19.  The representative Plaintiff has retained counsel experienced in class action litigation.

20.  The requirements of Rule 23(b) are satisfied in that (1) the prosecution of separate actions by or against individual members of the classes would create a risk of (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the classes, or (B) adjudications with respect to individual members of the classes which would as a practical matter be dispositive of the interests of the other members not parties

to the adjudications or substantially impair or impede their ability to protect their interests; or (2) the party opposing the classes has acted or refused to act on grounds generally applicable to the classes, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the classes as a whole.

21.     The questions of law and fact common to the classes predominate over questions which may affect individual class members. These common questions include but are not limited to the following:

   A. Whether the Defendant is a debt collector as defined in 15 U.S.C. § 1692(a)(6);

   B. Whether the Defendant has violated provisions of the Fair Debt Collection Practices Act ("FDCPA");

   C. The nature of the Defendant's noncompliance with the FDCPA;

   D. Whether and to what extent the Defendant's failure to comply with the FDCPA was intentional;

   E. Whether the Defendant's conduct caused injury to the Plaintiff and members of the class and, if so, the appropriate class-wide measure of damages.

   F. Whether the Defendant's action constituted an "adverse action" within the meaning of § 603(k) of the FCRA, 15 U.S.C. § 1681a(k). Further, whether Defendant failed to give the required adverse notice in writing.

22.     The common issues represent the most significant issues in the case, and can be resolved for all members of the class in one action.

23.     A class action will provide fair and efficient method of adjudicating this controversy in that:

  A. Common questions of law and fact predominate over any questions affecting only individual class members. The common issues are the most significant issues in the case and can be resolved for all members of the class in one action;

  B. Neither the size of the classes nor any other factor makes it likely that difficulties will be encountered in the management of this action as a class action;

  C. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would confront Defendant with incompatible standards of conduct;

  D. The prosecution of separate actions by individual class members would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests;

  E. The prosecution of separate actions by individual class members, or the individual joinder of all class members in this action, would create a massive and unnecessary burden on the resources of the courts.

24. Because of the disparity of resources available to Defendant versus those available to individual Class Members, prosecution of separate actions would work a financial hardship on many Class Members

25. Because, in most instances, individual damages are fairly small, it is likely that many class members will not be able to obtain redress for the Defendant's violations unless the instant action is certified as a class.

## COUNT ONE

## VIOLATIONS OF 15 U.S.C. § 1692b

26. Plaintiff restates and incorporates in this Count the factual allegations of each and every preceding paragraph as if fully set forth herein.

27. The Defendant's actions violate the following restrictions imposed on debt collectors in 15 U.S.C. § 1692b: by communicating with third parties without the consent of the consumer.

28. The actions of the Defendant were done deliberately or with reckless disregard for the laws of the United States.

29. As a proximate cause of the Defendant's actions, the Plaintiff and the class were injured, for which they are entitled to compensation.

## COUNT TWO

## VIOLATION OF 15 U.S.C. § 1692g

30. Plaintiff restates and incorporates in this Count the factual allegations of each and every preceding paragraph as if fully set forth herein.

31. 15 U.S.C. § 1692g requires that every debt collector provide the consumer the following information in writing within 5 days of the debt collector's initial contact with the consumer:

   a. the amount of the debt;
   b. the name of the creditor to whom the debt is owed;
   c. a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
   d. a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

   e.  a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

32.  This Defendant failed to provide any of the disclosures to the Plaintiff in this case either verbally or in writing.

33.  The Defendant's actions constitute a violation of 15 U.S.C. § 1692g.

34.  The actions of the Defendant were done deliberately or with reckless disregard for the laws of the United States.\

35.  As a proximate cause of the Defendant's actions, the Plaintiff and the class were injured, for which they are entitled to compensation.

## COUNT THREE

## VIOLATIONS OF 15 U.S.C. § 1681n

37.  Plaintiff restates and incorporates in this Count the factual allegations of each and every preceding paragraph as if fully set forth herein.

38.  In response to Plaintiff writing a check to the merchant and said merchant submitting said check to Defendant for approval, Defendant obtained a credit report on Plaintiff from a "consumer reporting agency" within the meaning of § 603(a) of the FCRA, 15 U.S.C. § 1681a(a).

39.  Said credit report obtained by Defendant was a "consumer report" within the meaning of § 603(d) of the FCRA, 15 U.S.C. § 1681a(d).

40.  Defendant is a "user" of consumer credit reports as that term is used in § 615 of the FCRA, 15 U.S.C. § 1681m.

41.  After obtaining Plaintiff's consumer report, Defendant refused or denied Plaintiff's check.

42. The Defendant's refusal or denial of Plaintiff's check constituted "adverse action" within the meaning of § 603(k) of the FCRA, 15 U.S.C. § 1681a(k).

43. Upon information and belief, the acts complained of herein were part of a pattern and practice of failing to provide the required notices to consumers whom adverse action has been taken.

44. Upon information and belief, Defendant maintains no procedures designed to insure that the required notices will be provided to the class members, or alternatively, the procedures that are maintained are inadequate to insure that the required notifications are provided.

45. The Defendant's failure to comply with the FCRA adverse action notice requirement was "willful" within the meaning of § 616 of the FCRA, 15 U.S.C. § 1681n.

46. The Defendant is liable to Plaintiff for statutory damages of not less than $100 or more than $1,000, plus punitive damages, plus costs and reasonable attorney's fees as provided by § 616 of the FCRA, 15 U.S.C. § 1681n.

47. The Defendant is liable for violation of 15 U.S.C. § 1692b, to Plaintiff individually and on behalf of the class,

WHEREFORE, Plaintiff respectfully prays that this Court will:

Enter a judgment in favor of the Plaintiff for all actual damages suffered by Plaintiff for the Defendant=s violation of law as outlined above.

Enter a judgment in favor of the Plaintiff for the maximum amount of statutory damages allowed for the Defendant=s violation of law as outlined above.

Certify the Classes of persons as defined hereinabove pursuant to Rule 23(b)(3), Fed.R.Civ.P.

Enter a judgment in favor of the Plaintiff and the Classes for the maximum amount of class-wide statutory damages allowed for the violations set forth in Count II herein.

Enter a judgment in favor of the Plaintiff and the Classes for attorney's fees and costs as allowed by statute.

Provide the Plaintiff and Classes with any further, additional, or different relief to which she and/or they may be entitled.

### **PLAITIFF DEMANDS TRIAL BY JURY**

Respectfully submitted this the 22nd day of November, 2005.

s/Milton Brown, Jr.
Attorney at Law, P.C.
2608 8th Street
Tuscaloosa, Al   35401
Tel.:   (205) 391-0620
Fax:   (205) 349-5450
Brownattorney1@yahoo.com

GREGORY LAW FIRM, P.C.
2001 Dover Bay Ct.
Northport, AL  35473
(205) 339-5244 telephone
(205) 278-8572 telecopier
stevegregory2005@comcast.net

Leon R. Storie, Esq.
2824 Seventh Street
Tuscaloosa, Alabama 35401
(205) 344-5516 telephone
(205) 758-4538 telecopier
leon@leonstorie.com